SLIP OPINION

Cite as 2015 Ark. App. 551

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-15-393

| | |
|---|---|
| HEATHER KELLEY<br><br>APPELLANT<br><br><br>V.<br><br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES<br><br>APPELLEE | **Opinion Delivered** October 7, 2015<br><br>APPEAL FROM THE CONWAY<br>COUNTY CIRCUIT COURT<br>[NO. JV-2012-55]<br><br>HONORABLE TERRY SULLIVAN,<br>JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## M. MICHAEL KINARD, Judge

This is an appeal from an order terminating appellant's parental rights to her three minor children, then ages forty-seven months, thirty-four months, and nineteen months. Appellant's attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief contains an abstract and addendum of the proceedings below, details all adverse rulings made at the termination hearing, and explains why there is no meritorious ground for reversal. The clerk of this court sent copies of the brief and motion to be relieved to the appellant's last-known address, informing her of her right to file pro se points for reversal under Rule 6-9(i)(3). Appellant has not filed any points.

The two older children in this case were initially removed from appellant's custody in August 2012 after their maternal grandmother, with whom they were staying, tested positive for methamphetamine and appellant could not be located. Once found, appellant stipulated to probable-cause and dependency-neglect findings based on drug use and inadequate supervision. A case plan was developed, and appellant would make minimal progress and then regress. During this time, the third child was born; he remained in appellant's custody. After being out of appellant's custody for nearly two years, the two older children were placed with appellant on a trial basis. Within a few weeks, however, all three children were removed—appellant tested positive for methamphetamine, and the children and the home were found in deplorable conditions. Probable-cause and adjudication hearings were again held, and all three children were found to be dependent-neglected due to parental unfitness and neglect.

Because the family had been in the system for over two years, the case soon moved toward termination of parental rights. At the January 2015 termination hearing, there was evidence that appellant had not seen the children for the previous two months and had tested positive for methamphetamine as recently as the month before the hearing. The trial court expressly found that appellant behaved erratically in court, ranging from confused and "spaced out," to giggling, to becoming "angry very quickly." Testimony was also presented from an Arkansas Department of Human Services (DHS) adoption specialist that the children were adoptable and that she knew of no factors that would prevent adoption. After the hearing, the trial court found by clear and convincing evidence that termination was in the

children's best interest and that DHS had proved five statutory grounds for termination as to the two older children and two grounds as to the youngest child.

From our review of the record and the brief presented to us, we find compliance with Rule 6-9 and that the appeal is without merit. Accordingly, we grant counsel's motion to be relieved and affirm the termination order.

Affirmed; motion to withdraw granted.

GRUBER and HIXSON, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.